(Hamilton Co. Common Pleas Court.)

### OTT v. OTT.

*Marriage will not be avoided by deception practiced by one of the parties except where where such deception is practiced by one of the parties in the essentials of the marriage contract.*

Heard on a demurrer to a petition for divorce.

BATES, J.

Counsel's brief tries to urge a case of mercenary villainy victimizing confiding innocence. But counsel's petition makes a case of childish and arrant nonsense.

The case arises on demurrer to the petition, which avers as a ground of divorce that the marriage solemnized in Kentucky was brought about by the defendant's false representations to plaintiff, who was a female under eighteen years old ; that they were legally authorized to marry, and that it was proper. and right for her to make affidavit that she was of sufficient age, and thus procure a license ; that immediately on discovering the deception she ceased co habiting, and now seeks a divorce. The same deception is then also charged as to cruelty and as to gross neglect of duty.

No unsettled point of law is involved, hence there is nothing new in this opinion.

First—The age of marriage in Ohio is eighteen for males and sixteen for females. A marriage, before that age is so far void that the party under age may ignore it without judicial annulment or decree of divorce, and may even marry again without bigamy.

But an affirmative ratification after coming of age, as by cohabitation or other consummation as distinguished from mere failure to dissent, renders the marriage irrevocable. Shafer v. State, 20 O. 1; Holtz v. Dick, 42 Ohio St., 23, 29.

'Second—Marriage after the age of competence, but within the age of minority, should be accompanied by consent of parent or guardian. But the want of such assent does not invalidate a consummated marriage; it merely puts a penalty upon the solemnizing officer for disregarding the law. Vernon v. Vernon, 12 Bull., 237.

Third—Deception to avoid a marriage must be in the essentials of the marriage contract, and not in preliminary matters. Meyer v. Meyer, 4 Bull., 368.

Fourth—But even deception does not appear in this case, for the charge is that plaintiff was persuaded that it was right and proper for her to make a false affidavit —in other words, to commit perjury. It may be possible to coerce the will and overcome the scruples as to signing or swearing to a paper, but it can not be said to be deception.

. Fifth—It is charged that the marriage is void by the laws of Kentucky. Now, assuming on demurrer that the laws of Kentucky are different from the concensus of the civilized world, and different from what has been proved to be in our courts on other occasion (as for exampe see Courtright v. Courtright, 26 Bull. 309), yet the allegation must be ignored unless the statute of Kentucky is specially pleaded, together with the interpretation put on it by the court, or the practice of that state. A resume of the law in a very similar case will be found in a careful decision of Judge Evans, of Columbus, in 26 Bull., 309.

The demurrer will be sustained and twenty days leave to amend will be given.

C. H. Blackburn, for Plaintiff.

Robert W. Carroll, for Defendant.